# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDERJIT SINGH, | 1:11-cv-00092-DLB (HC) |
|       Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED |
| v. | |
| ERIC H. HOLDER, JR. et.al.,, | |
|       Respondents. / | |

      Petitioner is detained by the Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is represented by Camille Kim Cook, Esq.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      In the petition filed, Petitioner alleges that his detention pursuant to 8 U.S.C. § 1226(a) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution.  Petitioner also asserts that his detention is in violation of Respondent's statutory authority.

      Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the

petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases.  See Local Rule 110.

   Accordingly, IT IS HEREBY ORDERED:

   1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted.  The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the date of service of this order.  Petitioner may file a Traverse to the Return within FOURTEEN (14) days of the date the Return to the Order to Show Cause is filed with the Court.[1]

  The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(l).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

  IT IS SO ORDERED.

  **Dated:   January 27, 2011**        **/s/ Dennis L. Beck**
                     UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent is advised that a scanned copy of the petition for writ of habeas corpus is available through the Court's Electronic Case Filing System ("CM/ECF").